UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

                                         DECISION AND ORDER
       v.                                      05-CR-229A
                                              05-CR-231A

CHERYL WAGNER,

                 Defendant.

─────────────────────────────────

## **BACKGROUND**

       The defendant, Cheryl Wagner, is indicted in two separate indictments. The first indictment charges the defendant with two counts of perjury in violation of 18 U.S.C. § 1623. See Indictment, Dkt. No. 1, O5-CR-229A. Specifically, the indictment charges the defendant with lying to the grand jury about the circumstances of a false insurance claim that was submitted by her boyfriend, David Cain, Jr.,[1] and about Cain's efforts to "coach" her grand jury testimony. The second indictment charges the defendant with witness tampering in violation of 18 U.S.C. § 1521(b)(3). See Indictment, Dkt. No. 1, 05-CR-231A. In that indictment, it is alleged that the defendant attempted to influence the grand jury testimony of Sean Cooper. Specifically, the indictment alleges that Wagner went to Cooper's house, where she received a

─────────────

[1] This false insurance claim is the subject of a separate state court indictment currently pending against the defendant and Cain.

1

telephone call from Cain.  Cain, who was in jail,[2] instructed the defendant to hand the phone to Cooper, which the defendant did.  According to the government, Cain then attempted to "corruptly influence" Cooper's testimony by telling Cooper to lie to the grand jury.

The government moved for pretrial detention of defendant Wagner.  On September 12, 2005, Magistrate Judge H. Kenneth Schroeder, to whom the matter had been referred, denied the government's motion and ordered that the defendant be released upon the posting of a $5,000 signature bond and upon certain other conditions including that she:  (1) be confined to her home; (2) have no contact with any of the government's witnesses or potential witnesses in this case, except in the presence of her attorney; (3) consent to a trap and trace device on her telephone; and (4) consent to her emails being monitored.

The government filed an appeal of Magistrate Judge Schroeder's release order and the defendant filed a response.  The Court heard oral argument on November 2, 2005.  On November 4, 2005, the Court denied the government's appeal, ordered the defendant released upon the conditions set by the Magistrate Judge, and informed the parties that a Decision and Order explaining the Court's ruling would follow.

---

[2]  According to the government, the defendant had forwarded her home telephone calls to her cell phone.  Cain called the defendant's home phone (from jail), and the call was automatically forwarded to the defendant's cell phone.

**DISCUSSION**

Pursuant to 18 U.S.C. § 3142(f), the government may move for pretrial detention of a defendant where the case involves a crime of violence, or "a serious risk that [the defendant] will obstruct or attempt to obstruct justice." See 18 U.S.C. § § 3142(f)(1)(A) and (f)(2)(B). Pursuant to 18 U.S.C. § 3142(e), the Court shall issue an order of detention pending trial if it finds that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community. . . ."

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court must consider the factors provided in 18 U.S.C. §3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> 
> (2) the weight of the evidence against the person;
> 
> (3) the history and characteristics of the person, including –
> 
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> 
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Second Circuit has warned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." United States v. Shakur, 817 F.2d 189, 195 (2d Cir.), cert. denied, 484 U.S. 840 (1987) (quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189).  Furthermore, the court's finding that there is no condition or combination of conditions that will reasonably assure the safety of any person or the community must be supported by clear and convincing evidence.  See 18 U.S.C. § 3142(f)(2).

### A.     Nature of the Offenses Charged

With regard to the first factor, the nature of the offenses charged, the Court rejects the government's argument that any of the charged offenses involves a crime of violence.  The term "crime of violence" is defined in 18 U.S.C. § 3156(a)(4) as: (A) an offense that has the use, attempted use, or threatened use of physical force as an element of the crime; (B) any felony offense that, by its nature, involves a substantial risk that physical force may be used in the course of committing the offense; or (C) any felony under chapter 109A, 110, or 117.

The government argues that the witness tampering charge in Count 3 of Indictment 05-CR-231A, is a crime of violence.[3]  That charge alleges that the defendant

---

[3]  The government does not assert that the perjury charges in Indictment 05-Cr-229A are "crimes of violence" and the Court finds that they are not.

attempted to and did "corruptly persuade" witness Sean Cooper, "with the intent to hinder, delay and prevent communication to law enforcement officers" of information relating to the commission of federal offense, in violation of 18 U.S.C. § 1521(b)(3). That statute provides in pertinent part:

> whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense [is guilty of a crime].

The government argues that this offense qualifies as a "crime of violence" under 18 U.S.C. § 3156(a)(4), because one of the ways that the statute can be violated is by threats, intimidation, and the use of physical force. The Court rejects this argument. Use of "physical force" is not an element of the crime for which the defendant is charged. Section 1512 was amended in November 2002, and the language regarding the use of "physical force" was removed from subsection (b) and moved to subsection (a)(2) of the statute. The defendant is not charged with violating subsection (a)(2). Since the "use of physical force" is not an element of the offense charged, it is not a crime of violence under § 3156(a)(4)(A).

Nor has the government shown that the offense, by its nature, involved a substantial risk of physical force against a person in the course of committing the charged offense. The indictment alleges that the defendant "corruptly persuaded" witness Sean Cooper when she facilitated a telephone call from Cain to Cooper. The defendant herself did not participate in that conversation. According to the government,

5

she merely handed Cooper her cellular telephone upon Cain's request. The government does not allege that Cain himself made any threats of physical violence toward Cooper. In fact, the indictment does not allege that any form of "intimidation" or "threats" were used. It alleges only corrupt persuasion. These allegations are insufficient to constitute a "crime of violence" within the meaning of 3156(a)(4).

### B.     Remaining Factors

As to the remaining factors set forth in 18 U.S.C. § 3142(g), the government argues that the weight of the evidence is strong. Assuming *arguendo* that it is, the remaining factors weigh against the government's position.

The defendant has strong ties to the Western New York community. She has no other criminal history, except for the pending state court charges relating to an alleged insurance fraud incident. The government emphasizes that the defendant was on release from bail (relating to the insurance fraud charge) at the time that these alleged acts were committed. While that is true, the government has not shown why the conditions imposed by the Magistrate Judge are insufficient to ensure that the defendant will not commit any further incidents of witness tampering. As noted, Magistrate Judge Schroeder issued a "no contact order" that prohibits the defendant from having any contact with any of the prospective witnesses, except in certain circumstances when her attorney is present. She is also confined to her home, prohibited from possessing a cellular telephone, and has agreed to permit her emails and telephone to be monitored. The Court finds that these conditions are sufficient to

deter any future attempts by the defendant to obstruct justice, and that there is simply no basis for finding that she poses a danger to the community.

## **CONCLUSION**

For the reasons stated, the government's appeal of Magistrate Judge Schroeder's release order is denied, and the defendant is ordered released upon the terms and conditions set by Magistrate Judge Schroeder.

IT IS SO ORDERED.

　　　　　　　　/s/ Richard J. Arcara
　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　CHIEF JUDGE
　　　　　　　　UNITED STATES DISTRICT COURT

DATED: November   22  , 2005